```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OMIKA BICKHAM                                        CIVIL ACTION

VERSUS                                               NO. 21-2116

UNITED PARCEL SERVICE, INC.                          SECTION "B"(3)
```

### ORDER AND REASONS

Considering the parties' joint motion to extend scheduling order deadlines and trial setting (Rec. Doc. 21), and for reasons that follow,

**IT IS ORDERED** that the motion is **DENIED**. Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)). The Court uses four factors to determine if there is good cause under Rule 16: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotations

1

omitted) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Here, parties do not show "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres*, 782 F.3d at 237 (internal quotations omitted) (quoting *Filgueira*, 734 F.3d at 422). This case was filed in this Court on November 16, 2021, over one year ago, and parties provide no explanation as to why the deadlines in the scheduling order could not reasonably be met within this timeframe. *See* Rec. Doc. 1.

Additionally, parties provide little more than a conclusory statement that "good cause exists to extend these deadlines in order to conduct discovery and exhaust the possibility of early resolution," and fail to address any of the factors outlined by the Fifth Circuit to determine good cause under Fed. R. Civ. P. 16. *See* Rec. Doc. 21 at 1. Nonetheless, with regard to the first factor, vague allegations of "discovery issues" and engaging in informal settlement negotiations are the only explanations for failure to timely comply with the scheduling order which has been in effect since April 7, 2022. *See id.* at 1; Rec. Doc. 19. Parties then make no showing of the second factor which considers importance of modifying the scheduling order. While we commend parties' efforts to achieve amicable resolution, the mere possibility of settlement is not good cause to grant modification of the current scheduling order. Because this is a joint motion by

the parties, the second and third factors are not pertinent to the Court's analysis. The Rule 16 factors weigh against finding good cause for any modification therefore the matter will proceed according to the current scheduling order. *See* Rec. Doc. 19.

New Orleans, Louisiana this 12th day of December 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE